UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GHAUS MALIK,

Plaintiff,

v.

ROBIN ARIAS, et al.,

Defendants.

No.  2:25-cv-03111-DJC-CKD (PS)

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Ghaus Malik proceeds pro se in this action filed on October 27, 2025. (ECF No. 1, "Compl.") Before the court is defendants Robin Arias' and Wells Fargo Advisors' motion to dismiss the complaint pursuant to Federal Rule 12(b)(6) and affirm an August 2025 arbitration award. (ECF No. 11.) Plaintiff has filed an opposition (ECF No. 13), and defendants have filed a reply (ECF No. 14).  On January 21, 2026, the motion was taken under submission without argument pursuant to Local Rule 230(g).  (ECF No. 16.)  For the reasons set forth below, the undersigned will recommend that defendants' motion be granted.

////

////

////

1

## I.      Background

Plaintiff, a California resident, brings this action against defendants Arias and Wells Fargo Advisors ("Wells Fargo") in the form of a petition to partially vacate an arbitration award issued by the Financial Industry Regulatory Authority ("FINRA") in August 2025. (Compl. at 1.) The relevant case background is as follows:

In July 2023, plaintiff Ghaus Malik filed a pro se action in federal court, Malik et al. v. Malik et al., 2:23-cv-01344 CKD (E.D. Cal.), asserting claims against his two adult sons Farhan and John Malik, Wells Fargo Clearing Services LLC, and Wells Fargo employee Robin Arias. The claims concerned the ownership and control of a family-owned company, G. and P. Malik LLC, and the distribution of its assets. Plaintiff subsequently obtained counsel, and the case proceeded on the Third Amended Complaint ("TAC") filed June 24, 2024. In the TAC, plaintiff asserted claims of fraud, conversion, breach of fiduciary duty, and elder abuse against the Malik brothers. Plaintiff also asserted claims of conversion, breach of fiduciary duty, and elder abuse against Wells Fargo and Arias in connection with the company's bank account. (Id., ECF No. 60.) On September 17, 2024, the undersigned granted the Wells Fargo defendants' motion to send the claims against them to arbitration per the parties' arbitration agreement. (Id., ECF No. 92 at 15 ("All claims against the Wells Fargo defendants shall be subject to binding FINRA arbitration, and these court proceedings are stayed as to defendants Wells Fargo and Arias pending completion of arbitration.")). Plaintiff's claims against the Malik brothers proceeded to the summary judgment stage, and, on November 7, 2025, summary judgment was granted for defendants. (Id., ECF No. 134.) The case was closed on November 24, 2025. (Id., ECF No. 141.)

Meanwhile, in the FINRA arbitration in August 2025, plaintiff and the Wells Fargo defendants participated in a five-day evidentiary hearing on plaintiff's claims of conversion, breach of fiduciary duty, and elder abuse, Case No. 24-02022. (See ECF No. 12, Lamirand Decl., ¶ 5.) On August 18, 2025, the three-person arbitration panel issued its decision and award. (ECF No. 12-1, Lamirand Decl., Ex. 1.) The panel reviewed the pleadings and other materials submitted by the parties, including the Wells Fargo account agreement, and heard testimony from an expert witness, defendant Arias, and two other witnesses.  (Id.) The panel's decision described

2

the case as follows:

> The essence of the claim was that Arias breached his fiduciary duty by failing to read or otherwise consider G. and P. Malik's operating agreement or to seek further information about the actions of the LLC members upon transfer of all the funds from the existing LLC's account by one member. Respondents' expert testified that neither Arias nor Wells Fargo had a duty, fiduciary or otherwise, to consider the LLC operating agreement or the actions of LLC members who were authorized signatories to the Wells Fargo account. Claimants did not have expert testimony to the contrary.

(ECF No. 12-1 at 4.) The panel denied the claims in their entirety. Id.

Plaintiff, again proceeding pro se, filed the instant petition on October 27, 2025, to partially vacate the arbitration award. (ECF No. 1.)

## II.    The Complaint

In the petition, plaintiff seeks to vacate the FINRA award as to the elder abuse claim. He alleges that the panel disregarded the law, refused to hear material evidence, and exceeded its powers by "effectively nullifying controlling law protecting elders."[1] (ECF No. 1 at 2.) Plaintiff largely reiterates his claims against the Wells Fargo defendants as set forth in the TAC in the federal case. He alleges that, during the FINRA hearing on his claims, the panel "refused to hear . . . evidence showing petitioner's elder/vulnerable status." (Id. at 6.) Petitioner argues that the panel failed to consider his vulnerability and other factors bearing on elder abuse, ignoring "controlling law safeguarding elders from financial exploitation[.]" (Id.)

Petitioner asks the court to vacate the portion of the award denying the elder abuse claim and remand for rehearing of that claim. (Id. at 6-7.)

## III.    Defendants' Motion to Dismiss

A. Legal Standards

"In response to a complaint to vacate an arbitration award, a party may simultaneously move to dismiss under Rule 12(b)(6) and move to confirm the award." Eagle Sys. & Servs., Inc. v. Int'l Ass'n of Machinists, No. 2:16–CV–02077–JAM–EFB, 2016 WL 7324753, at *2 (E.D. Cal. Dec. 16, 2016).

---

[1] At the time of filing, plaintiff was 92 years old.  (Id.)

3

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, the court does not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  A court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions," despite such documents not being physically attached to the pleadings.  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

Judicial review of an arbitration award is "both limited and highly deferential." PowerAgent Inc. v. Electronic Data Systems Corp., 358 F.3d 1187, 1193 (9th Cir. 2004). "Under the [Federal Arbitration Act], courts may vacate an arbitrator's decision only in very unusual circumstances." Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 568 (2013) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995)) As the Ninth Circuit recently stated:

> Federal courts rarely vacate arbitration awards. Even when faced with a legal error, we do not vacate an award unless the arbitrator manifestly disregarded the law, acted completely irrationally, or violated one of the narrow provisions under the Federal Arbitration Act (FAA). For factual errors, our review is even more deferential: We generally do not vacate an award based on a factual error and only recognize a narrow exception for "legally dispositive facts." See Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1025–26 (9th Cir. 1991).

VIP Mortgage Inc. v. Gates, 162 F.4th 1010, 1013 (9th Cir. 2025). Title 9, section 10 of the U.S. Code lists the grounds on which a court can vacate an arbitration award under the FAA:

4

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 USC § 10(a). "[A]ny party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

B. Discussion

This case does not present the "very unusual circumstances" in which a FINRA award should be vacated. Plaintiff has not pled specific facts suggesting that the arbitrators manifestly disregarded the law, acted completely irrationally, or fall under one of the narrow FAA grounds for vacating an award.

Plaintiff argues in conclusory terms that the panel ignored elder abuse law and refused to hear evidence material to his elder abuse claim, such that 9 U.S.C. § 10(a)(3) is the most applicable standard. However, plaintiff was represented by counsel at a five-day evidentiary hearing in which both parties had the opportunity to present evidence and argument. Plaintiff pleads no specific facts suggesting that, in reviewing the pleadings and/or ruling on the evidence, the panel ignored or "nullified" the law governing one of the claims.

As for refusing to hear evidence, plaintiff alleges that defendants

> declared in front of the FINRA [panel] that the 92-year-old plaintiff who is a physician by profession is a very sophisticated and knowledgeable person about financial matters and knew what was going on with the LLC, and there is not evidence of . . . elder[] abuse[.]

(Compl. at 6.) Plaintiff alleges that the FINRA panel "agreed with" this "misleading" testimony and found "no evidence of elder abuse." (Id.) While plaintiff disagrees with the panel's evaluation

5

of the evidence, this is not a basis for vacating the award. Rather, it would appear that plaintiff's claims have been thoroughly litigated, both in federal court and before a FINRA panel, and, in both cases, have been found lacking in merit.

As it does not appear the complaint can be cured by amendment, the undersigned will recommend dismissal and confirmation of the FINRA award.

**C.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for expedited ruling (ECF No. 17) is DENIED as moot.

IT IS HEREBY RECOMMENDED THAT:

1.  Defendants' motion to dismiss (ECF No. 11) be GRANTED; and

2.  The FINRA award in Case No. 24-02022 be confirmed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 23, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/fiel2042.mtd.sol.f&rs

6